UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HECTOR MIGUEL GONZALEZ,<br><br>Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:15-cv-00618-RFB-CWH<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss petitioner Hector Miguel Gonzalez's petition (ECF No. 13).

**I.      Procedural History and Background**

Gonzalez was tried on eight felony charges related to an incident with his wife Ana and her sister Elsie. On May 7, 2010, a jury convicted Gonzalez of count 2: burglary while in possession of a deadly weapon in violation of a court order; counts 4 & 5: battery constituting domestic violence with use of a deadly weapon resulting in substantial bodily harm while in violation of a court order; count 6: coercion with use of a deadly weapon in violation of a court order; and count 8: preventing or dissuading a victim or witness from reporting a crime, commencing a prosecution, or causing arrest (exhibit 13).[1] The state district court sentenced him as follows: count 2 – 26 to 120 months, with a consecutive term of 12 to 60 months for the deadly weapon enhancement; count 4 – 48 to 120 months,

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13, and are found at ECF Nos. 14-16.

with a consecutive term of 12 to 60 months for the deadly weapon enhancement, concurrent with count 2; count 5 – 24 to 72 months, with a consecutive term of 12 to 60 months for the deadly weapon enhancement, consecutive to count 4; count 6 – 12 to 48 months, with a consecutive term of 12 to 48 months for the deadly weapon enhancement, concurrent with count 5; and count 8 – 12 to 38 months, concurrent with count 5. Exh. 14. The amended judgment of conviction was filed on August 12, 2010. Exh. 15.

The Nevada Supreme Court affirmed Gonzalez's convictions on February 24, 2012, and remittitur issued on March 29, 2012. Exhs. 20, 21.

On October 10, 2014, the Nevada Supreme Court affirmed the denial of Gonzalez's counseled, state postconviction petition, and remittitur issued on January 16, 2015. Exhs. 32, 33.

Gonzalez dispatched his federal habeas petition for filing on or about April 1, 2015 (ECF No. 10). Respondents have filed a motion to dismiss the petition, arguing that grounds 9 and 10 are unexhausted, grounds 3 and 8(E) are not cognizable in federal habeas corpus, ground 5 is unexhausted and noncognizable and Gonzalez has failed to exhaust any of his equal protection claims (ECF No. 13).

**II.  Legal Standards & Analysis**

**A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

2

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982).

**1. Ground 9**

Gonzalez asserts that his trial counsel were ineffective for failing to timely object to the prosecutor's highly-prejudicial comments injecting the prosecutor's personal belief concerning Gonzalez's relationship with Charles Campos, personally opining on how to

3

explain discrepancies between the two victims' statements, and expressing how personally upset he would be (ECF No. 10, p. 40, 60-63). Gonzalez did not present this claim to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition. *See* exh. 30. Accordingly, ground 9 is unexhausted.

### 2. Ground 3

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).

Gonzalez alleges that the trial court violated his Fifth, Sixth and Fourteenth Amendment due process and equal protection rights when it admitted the hearsay evidence of Elsie's 911 call as well as Elsie's testimony that Ana said that Gonzalez hit her (ECF No. 10, pp. 13-15).

Respondents point out that, generally, a challenge to a state evidentiary ruling does not involve a deprivation of a federal constitutional right, and therefore, is not cognizable in a federal habeas petition (ECF No. 13, pp. 8-9; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009)). Ground 3 is therefore dismissed because it fails to state a claim for which federal habeas relief may be granted.

### 3. Ground 5

Gonzalez contends that the trial court violated his Fifth, Sixth and Fourteenth Amendment due process and equal protection rights when it refused the defense's proffered "reverse flight" instruction (ECF No. 10, pp. 23-24).

Respondents argue that because Gonzalez relied on the Nevada Supreme Court decision in *Crawford v. State*, 121 Nev. 744, 750 (2005) and did not refer to a specific federal constitutional guarantee, he did not fairly present federal ground 5 to the Nevada Supreme Court (ECF No. 13, p. 9). Having reviewed the state-court record, this Court agrees that Gonzalez did not fairly present federal ground 5 as a federal constitutional issue to the Nevada Supreme Court. It is, therefore, unexhausted.

4

### 4. Ground 8(E)

Gonzalez argues that trial counsel was ineffective for failing to file a motion in limine to exclude bad acts or other crimes related to a prior gross-misdemeanor conviction for attempting to possess a document to establish false status or identity (ECF No. 10, pp. 37; 54-55). Gonzalez asserts that he suffered prejudice because his decision not to testify was strongly affected by the state's ability to impeach him with the conviction. *Id.* Respondents contend that this ground does not state a claim for which federal habeas relief may be granted because the question of the state court's admission of prior or other bad act evidence is a state law issue that is not cognizable in federal habeas corpus (ECF No. 13, pp. 7-8).[2] This argument is unavailing however, because Gonzalez sets forth a Sixth Amendment ineffective assistance of counsel claim here.

### 5. Ground 10

Gonzalez alleges that the cumulative effect of trial and appellate counsel's errors violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights (ECF No. 10, p. 41). Respondents argue that this claim should be dismissed because it is unexhausted and for failure to state a claim for which habeas relief may be granted (ECF No. 13, pp. 6-7). A separate cumulative error claim for ineffective assistance of counsel is either noncognizable or duplicative of the underlying ineffective assistance claims. In *Strickland v. Washington*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

---

[2] Respondents refer to this claim as 8(B) but Gonzalez sets forth these allegations in 8(E). Thus, the court assumes that respondents intended to refer to claim 8(E).

have been different. *Id.* Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors. Accordingly, ground 10 is dismissed.

Finally, this court agrees with respondents that, while Gonzalez claims that each of his federal grounds assert a violation of equal protection, he has not raised any of these claims to the Nevada Supreme Court as equal protection claims, nor does he set forth any colorable equal protection claims. Accordingly, the equal protection claims in the instant petition are dismissed as unexhausted and for failure to state a colorable claim.

### 6. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that ground 9 and ground 5 are unexhausted. Grounds 3 and 10 are dismissed for failure to state a claim for which federal habeas relief may be granted. The portions of all grounds that assert an equal protection claim are dismissed. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate

6

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### 7. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is **GRANTED** in part as follows:

Ground 5 and 9 are **UNEXHAUSTED**.

Grounds 3 and 10 and all equal protection claims are all **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that, upon a review of the record and the arguments of the parties, the Court will reconsider its earlier ruling denying counsel and now GRANTS petitioner's request for the appointment of counsel. The Court **ORDERS** that the Federal Public Defender's Office is appointed to represent petitioner. The Clerk of Court shall serve a copy of this order on the Federal Public Defender's Office.

**IT IS FURTHER ORDERED** that petitioner shall have **sixty (60) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: March 31, 2017

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE